Thomas H. Casey – Bar No. 138264
Michael D. Good – Bar No. 176033
LAW OFFICE OF THOMAS H. CASEY, INC.
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
Telephone:   (949) 766-8787
             (310) 347-2687
Facsimile:   (949) 766-9896
TomCasey@tomcaseylaw.com
MGood@southbaylawfirm.com

Attorneys for Thomas H. Casey,
Chapter 7 Bankruptcy Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>QINGMING FANG,<br><br><br><br>Debtor.<br><br>THOMAS H. CASEY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LEI WANG, aka WANG LEI, aka WANG LEI FANG, aka LEI WANG FANG, aka WANGLEI FANG, individually and in her capacities as (i) trustee of the Wanglei Fang Revocable Trust Dated March 1, 2018; and (ii) managing member of Serena LLC, Parthenia Unit LLC and Whiting Development LLC; SERENA, LLC; PARTHENIA UNIT, LLC; WHITING DEVELOPMENT, LLC<br><br>Defendants. | Case No.    8:22-bk-10440-SC<br><br>Chapter 7<br><br>Adv. No.    8:23-ap-01099-SC<br><br>**MOTION TO CONTINUE HEARING RE: MOTION TO AMEND "ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT RE: (I) DEFENDANTS' SECOND AND FOURTH AFFIRMATIVE DEFENSES AND (II) THE TRUSTEE'S FIRST, FOURTH, FIFTH, SIXTH, EIGHTH AND NINTH CLAIMS" [DOCKET ENTRY NO. 65]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TRUSTEE THOMAS H. CASEY IN SUPPORT THEREOF**<br><br>**[LOCAL BANKUPTCY RULE 9013-1(m)]**<br><br>**Current Hearing:**<br>Date:    January 14, 2025<br>Time:    1:30 p.m.<br>Place:   Courtroom "5C"<br><br>**[Proposed] Continued Hearing:**<br>Date:    February 4, 2025<br>Time:    1:30 p.m.<br>Place:   Courtroom "5C" |

///

**MOTION TO CONTINUE HEARING**

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; DEFENDANTS LEI WANG FANG, SERENA, LLC, PARTHENIA UNIT, LLC, WHITING DEVELOPMENT, LLC; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Thomas H. Casey, duly appointed Chapter 7 trustee in the above-referenced Chapter 7 case ("Trustee") will and hereby does move this Court (the "Motion") for an order: (i) continuing the hearing with respect to the Trustee's previously filed "Motion To Amend 'Order Granting Motion For Partial Summary Judgment Re: (I) Defendants' Second And Fourth Affirmative Defenses And (II) The Trustee's First, Fourth, Fifth, Sixth, Eighth And Ninth Claims'" [currently pending on this Court's docket in the above-captioned adversary proceeding as Docket Entry No. 65] ("Trustee's Rule 60(a) Amendment Motion") to a date and time concurrent with the hearing to be held with respect to the Trustee's concurrently filed "Motion To (i) Dismiss Without Prejudice The Trustee's Second, Third, Seventh, And Tenth Claims For Relief; (ii) Enter Final Judgment As To The Trustee's First, Fourth, Fifth, Sixth, Eighth, And Ninth Claims For Relief; And (iii) Authorize The Trustee To Tax Costs" ("Trustee's Rule 41(a) Dismissal Motion").

The requested relief is appropriate in light of Local Bankruptcy Rule 9013-1(m) and may be determined by this Court upon notice to any affected party and service by facsimile, email, personal service, or overnight mail at least 3 days before the date set for the original hearing. In support of the Motion (and as detailed in the Trustee's Rule 41(a) Dismissal Motion), the Trustee states:

1. Qingming Fang ("Mr. Fang")'s Chapter 7 petition was filed on March 16, 2022.

2. In mid-September 2023 – after nearly 18 months of investigation – the Trustee commenced the above-referenced adversary proceeding.

3. On or about July 30, 2024, the Trustee filed a Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment"), seeking partial summary adjudication as to (i) the named defendants' Second and Fourth Affirmative Defenses; and (ii) the Trustee's First, Fourth, Fifth, Sixth, Eighth, and Ninth Claims for Relief.

4. On or about November 7, 2024, this Court held a hearing with respect to the Trustee's

Motion for Partial Summary Judgment, at which hearing the Court granted the Trustee's Motion for Partial Summary Judgment in its entirety.

5. On or about December 4, 2024, this Court entered an Order ("MSJ Order") formalizing its earlier November 7, 2024 ruling.

6. Approximately 9 days later (i.e., on or about December 13, 2024), defendants' counsel withdrew.

7. At approximately the same time defendants' counsel was seeking to withdraw, the Trustee was attempting to (i) enforce this Court's December 4 MSJ Order; and (ii) arrange for the cost-effective disposition of his remaining Claims for Relief (i.e., through a stipulated dismissal).

8. Accordingly, the Trustee filed his Rule 60(a) Amendment Motion (to clarify this Court's MSJ Order to (i) specify certain documents of record with the Orange County Recorder's Office which are avoided and recoverable pursuant to this Court's prior ruling; and (ii) facilitate the Trustee's ability to obtain clear title to the recovered real properties). The Trustee's Rule 60(a) Motion was originally set for hearing on January 14, 2024.[1] At approximately the same time, the Trustee, through counsel, informally contacted two other law firms whom the Trustee was advised may be acting as successor counsel to defendants. The Trustee is currently advised that neither of these firms will be acting as defense counsel in this adversary proceeding. Accordingly, the Trustee is informed and believes all defendants are currently acting *in pro se*.

9. The Fangs have been generally uncooperative with the Trustee – and, to date, have been uncooperative in turning over avoided assets to the estate. Consequently, and while his enforcement efforts are ongoing, the Trustee believes it most time- and cost-efficient to unilaterally seek resolution of his remaining Claims for Relief. Therefore, the Trustee's has filed his (concurrent) Rule 41(a) Motion.

10. By his Rule 41(a) Motion (and as detailed therein), the Trustee requests (i) dismissal, without prejudice, of his Second, Third, Seventh, and Tenth Claims for Relief; (ii) entry of a final

---

[1] This hearing date was calendared to coincide with the Trustee's then-pending "Trustee's Second Motion And Second Motion For Order Enlarging Time To File Actions Under 11 U.S.C. §§ 546(a) And 549(d)." *See* Docket Entry No. 146 filed in Chapter 7 Case No. 8:22-bk-10440-SC (*In re Qingming Fang*).

- 2 -    **MOTION TO CONTINUE HEARING**

1  judgment in his favor regarding his First, Fourth, Fifth, Sixth, Eighth, and Ninth Claims for Relief; and (iii) a determination that the Trustee is the "prevailing party" and therefore authorized to tax costs in this adversary proceeding. Because this relief effectively supersedes (and potentially moots[2]) the Trustee's prior Rule 60(a) Motion for an amended Order, the Trustee believes it most time- and cost-efficient, and judicially economical, to consolidate the hearing of both matters to a common date and time.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities and Declaration and Exhibits appended hereto, and on such other and further evidence as may be presented to the Court at or prior to a hearing on the Motion.

**WHEREFORE**, the Trustee respectfully requests that this Court:

a.  Grant the Motion;

b.  Continue the hearing with respect to the Trustee's previously filed Rule 60(a) Amendment Motion to a date and time concurrent with the hearing to be held with respect to the Trustee's concurrently filed Rule 41(a) Dismissal Motion (i.e., to February 4, 2025 at 1:30 p.m.), or to such other date and time as may be convenient to this Court; and

c.  Grant such other and further relief as this Court may deem just and proper.

DATED: December 31, 2024                    Respectfully submitted,

LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION

By:      /s/Michael D. Good
Michael D. Good, Attorney for Thomas H. Casey in his capacity as the Chapter 7 Trustee for the Bankruptcy Estate of Qingming Fang

---

[2] The Trustee has sought a continuance of his earlier Rule 60(b) Motion – and a hearing date concurrent with his Rule 41(a) Motion – out of an abundance of caution and in the event that, for any reason, this Court determines not to grant the Rule 41(a) Motion. Should the Court determine to grant the Trustee's Rule 41(a) Motion, the Trustee is prepared to withdraw his Rule 60(b) Motion at the same hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In the interests of brevity, the Trustee incorporates by reference the statement of facts set forth in the Motion and supported by the appended Declaration.

**I.  A BRIEF CONTINUANCE OF THE HEARING PREVIOUSLY SET FOR THE TRUSTEE'S RULE 60(a) MOTION TO COINCIDE WITH A HEARING ON THE TRUSTEE'S RULE 41(a) MOTION TO DISPOSE OF THIS ADVERSARY PROCEEDING IS AN APPROPRIATE AND COST-EFFECTIVE MEANS OF STREAMLINING THE ESTATE'S ADMINISTRATION AND PRESERVING JUDICIAL ECONOMY.**

This Court, by its inherent powers and through the general grant of power under Section 105 of the Bankruptcy Code, has the undisputed ability to administer its own cases and effectively police its own dockets. *In re Evergreen Sec., Ltd.*, 384 B.R. 882, 932, at n.247 (Bankr. M.D. Fla.), *aff'd,* 391 B.R. 184 (M.D. Fla. 2008), *aff'd,* 570 F.3d 1257 (11th Cir. 2009) (citing *Jones v. Bank of Santa Fe (In re Courtesy Inns. Ltd., Inc.),* 40 F.3d 1084, 1089 (10th Cir.1994)) ("Bankruptcy courts, both through their inherent powers as courts and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief." 2 Collier on Bankruptcy ¶ 105.01[2], at 105–7 (15th ed. rev. 2007) . . . .").

Consistent with these powers, This Court's Local Bankruptcy Rule 9013-1(m) provides:

> (1) <u>Motion for Continuance</u>. Unless otherwise ordered, a motion for the continuance of a hearing under this rule must be filed as a separately captioned motion, and must be filed with the court and served upon all previously noticed parties by facsimile, email, personal service, or overnight mail at least 3 days before the date set for the hearing.
>
> (A) The motion must set forth in detail the reasons for the continuance, state whether any prior continuance has been granted, and be supported by the declaration of a competent witness attesting to the necessity for the continuance.
>
> (B) A proposed order for continuance must, in accordance with LBR 9021-1(b), be lodged with the court upon the filing of the motion.
>
> (C) Unless the motion for continuance is granted by the court at least 1 day before the hearing, the parties must appear at the hearing.
>
> . . . .

      (3) <u>Court Approval</u>. A continuance (whether stipulated to by counsel or not) is not effective unless an order is entered approving the continuance, the clerk informs the parties that the court has authorized a continuance, or the continuance is granted in open court.

      (4) <u>Extension of Time Due to Continuance of Hearing Date</u>. Unless an order for continuance states otherwise, a continuance of the hearing of a motion automatically extends the time for filing and serving opposing or responsive documents and reply documents.

Here, and for the reasons detailed in the Motion, a brief continuance of the Trustee's Rule 60(a) Motion to a date and time concurrent with his Rule 41(a) Motion is appropriate:

- Because the relief contemplated by the Trustee's Rule 41(a) Motion effectively supersedes (and potentially moots) the Trustee's prior Rule 60(a) Motion for an amended Order, the Trustee believes it most time- and cost-efficient for the estate, and judicially economical for this Court, to consolidate the hearing of both matters to a common date and time.

- Continuance of these related contested matters to a common hearing date and time affords this Court the most time-efficient means of addressing related relief contemplated by the Trustee to resolve the above-captioned Adversary Proceeding – and, therefore, furthers the well-recognized policy that this Court should police its own docket with the greatest judicial economy possible.

## II.    **CONCLUSION.**

For all the above-enumerated reasons, this Court should:

    a.    Grant the Motion;

    b.    Continue the hearing with respect to the Trustee's previously filed Rule 60(a) Amendment Motion to a date and time concurrent with the hearing to be held with respect to the Trustee's concurrently filed Rule 41(a) Dismissal Motion (i.e., to February 4, 2025 at 1:30 p.m.), or to such other date and time as may be convenient to this Court; and

///

///

1       c.    Grant such other and further relief as this Court may deem just and proper.

3   DATED: December 31, 2024               Respectfully submitted,

4                               LAW OFFICE OF THOMAS H. CASEY, INC.
                                 A PROFESSIONAL CORPORATION

By:      /s/Michael D. Good
       Michael D. Good, Attorney for Thomas H.
       Casey in his capacity as the Chapter 7 Trustee
       for the Bankruptcy Estate of Qingming Fang

- 6 -     **MOTION TO CONTINUE HEARING**

**DECLARATION OF THOMAS H. CASEY**

I, THOMAS H. CASEY, hereby declare:

1. I am the duly appointed, qualified and acting trustee ("Trustee") of the chapter 7 estate of Qingming Fang, (administered under Chapter 7 Case No. 8:22-bk-10440-SC) pending before the United States Bankruptcy Court for the Central District of California, Santa Ana Division. I am also the Plaintiff in the above-referenced adversary action.

2. In my capacity as appointed Chapter 7 Trustee, I have been responsible for all aspects of administration of the above-referenced Chapter 7 case, including the investigation of the Debtor's Chapter 7 estate, as well as the accounting and record-keeping attendant thereto. In connection with the same, the Chapter 7 Trustee's books and records are maintained by me, or by individuals operating under my direct supervision. In my capacity as one of the custodians of the books and records of the above-captioned Chapter 7 case, and as a result of the maintenance of such books and records by me and by others operating under my direct supervision, I am thoroughly and personally familiar with such books and records. Based upon my qualification as custodian of records associated with the above-captioned Chapter 7 case, and except where otherwise noted, each of the facts contained in this declaration are based on my personal knowledge and if called as witness, I could and would testify competently thereto.

3. Mr. Fang's Chapter 7 petition was filed on March 16, 2022.

4. In mid-September 2023 – after nearly 18 months of investigation – I commenced the above-referenced adversary proceeding. On or about July 30, 2024, I filed a Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment"), seeking partial summary adjudication as to (i) the named defendants' Second and Fourth Affirmative Defenses; and (ii) the Trustee's First, Fourth, Fifth, Sixth, Eighth, and Ninth Claims for Relief.

5. On or about November 7, 2024, this Court held a hearing with respect to my Motion for Partial Summary Judgment, at which hearing the Court granted the Motion for Partial Summary Judgment in its entirety. On or about December 4, 2024, this Court entered an Order ("MSJ Order") formalizing its earlier November 7, 2024 ruling.

1      6.     Approximately 9 days later (i.e., on or about December 13, 2024), Defendants' counsel withdrew.  At approximately the same time Defendants' counsel was seeking to withdraw, through my counsel, I was attempting to (i) enforce this Court's December 4 MSJ Order; and (ii) arrange for the cost-effective disposition of the Trustee's remaining Claims for Relief (i.e., through a stipulated dismissal).  Accordingly, my counsel filed my Trustee Rule 60(a) Amendment Motion (to clarify this Court's MSJ Order to (i) specify certain documents of record with the Orange County Recorder's Office which are avoided and recoverable pursuant to this Court's prior ruling; and (ii) facilitate the Trustee's ability to obtain clear title to the recovered real properties).  The Rule 60(a) Motion was originally set for hearing on January 14, 2024.  At approximately the same time, through counsel, as Trustee, I informally contacted two other law firms whom my counsel was advised may be acting as successor counsel to Defendants.  I am currently advised that neither of these firms will be acting as defense counsel in this adversary proceeding.

      7.     The Fangs have been generally uncooperative in Mr. Fang's Chapter 7 case – and, to date, have been uncooperative in turning over avoided assets to the estate.  Consequently, and while my enforcement efforts are ongoing, I believe it most time- and cost-efficient to unilaterally seek resolution of my remaining Claims for Relief.  Therefore, I have filed my (concurrent) Rule 41(a) Motion.

///

///

///

8. Because relief requested by my Rule 41(a) Motion effectively supersedes (and potentially moots) the Trustee's prior Rule 60(a) Motion for an amended Order, I believe it most time- and cost-efficient, and judicially economical, to consolidate the hearing of both matters to a common date and time. I have sought a continuance of my earlier Rule 60(b) Motion – and a hearing date concurrent with his Rule 41(a) Motion – out of an abundance of caution and in the event that, for any reason, this Court determines not to grant the Rule 41(a) Motion. Should the Court determine to grant the Rule 41(a) Motion, I am prepared to withdraw my previously filed Rule 60(b) Motion at the same hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 31 day of December, 2024.

_____
THOMAS H. CASEY

- 9 -    MOTION TO CONTINUE HEARING

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**26400 La Alameda, Suite 210, Mission Viejo, CA 92691**

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Continue Hearing Regarding Motion to Amend "Order Granting Motion for Partial Summary Judgment Re: (I) Defendants' Second and Fourth Affirmative Defenses and (II) the Trustee's First, Fourth, Fifth, Sixth, Eighth, and Ninth Claims" [Docket Entry No. 65]; Memorandum of Points and Authorities; Declaration of Trustee Thomas H. Casey in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 31, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Thomas H Casey    kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com
- Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Sam X J Wu    wuefile@yahoo.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 31, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 31, 2024 | Kathy Driggers | /s/ Kathy Driggers |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     **F 9013-3.1.PROOF.SERVICE**

F 9013-3.1.PROOF.SERVICE

**SERVED BY US MAIL:**

**Interested Party**
United States Bankruptcy Court
Attn: Hon. Scott C. Clarkson
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701

**Debtor**
Qingming Fang
4469 La Serena Drive
Yorba Linda, CA 92886-2242

**Counsel for Debtor**
Roseann Frazee, Esq.
Frazee Law Group
5133 Eagle Rock Blvd.
Los Angeles, CA 90041

~~Counsel for Defendants Lei Wang Fang, Serena,
LLC, Parthenia Unit, LLC and Whiting Development,
LLC
Kevin J. Lo, Esq.
Lo & Lo LLP
506 North Garfield Avenue, Suite 280
Alhambra, CA 91801~~
Withdrawal of Attorney Order Entered 12/13/24

**Defendants**
Lei Wang Fang, Individually and in Her
Capacity as Trustee of the Wanglei Fang Revocable
Trust Dated March 1, 2018
4469 La Serena Drive
Yorba Linda, CA 92886

Serena, LLC
Attn: Managing Member, Lei Wang
4469 La Serena Drive
Yorba Linda, CA 92886

Serena, LLC
c/o Agent for Service of Process, Lei Wang
4469 La Serena Drive
Yorba Linda, CA 92886

Parthenia Unit, LLC
Attn: Managing Member, Lei Wang
4469 La Serena Drive
Yorba Linda, CA 92886

Parthenia Unit, LLC
c/o Agent for Service of Process, Lei Wang
4469 La Serena Drive
Yorba Linda, CA 92886

~~Whiting Development, LLC
Attn: Managing Member, Lei Wang
1901 E. Wilshire Ave., #4
Fullerton, CA 92831~~
Address Updated with the CA SOS 12/3/23

~~Whiting Development, LLC
c/o Agent for Service of Process, Lei Wang
1901 E. Wilshire Ave., #4
Fullerton, CA 92831~~
Address Updated with the CA SOS 12/3/23

Whiting Development, LLC
Attn: Managing Member, Lei Wang
1075 E. Imperial Hwy., Ste. 163
Placentia, CA 92870

Whiting Development, LLC
c/o Agent for Service of Process, Lei Wang
1075 E. Imperial Hwy, Suite 163
Placentia, CA 92870

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012